AMIS *et ux. v.* HOME OWNERS' LOAN CORPORATION.

(In Banc. Dec. 20, 1941. Suggestion of Error Overruled Jan. 12, 1942.)

[5 So. (2d) 425. No. 34823.]

Colbert **Dudley,** of Forest, and **B. F. Coursey** and **H. R. Stone, Sr.,** both of Decatur, for appellants, on suggestion of error.

**Leon F. Hendrick,** of Jackson, and **S. T. Roebuck,** of Newton, for appellee.

**McGehee, J.**, delivered the opinion of the court, on Suggestion of Error.

It is complained on suggestion of error that in our affirmance of this case on a former day of this term we overruled without an opinion a line of previous decisions of the court which hold that where the circuit court is exercising an appellate jurisdiction the same depends upon whether the inferior court from which the appeal was taken had jurisdiction in the premises. In this contention the appellants are in error. We fully recognized the force and effect of those decisions in deciding the appeal, but we were of the opinion that the contention of the appellants to the effect that the court of unlawful entry and detainer, from which the appeal in the case at bar was taken to the circuit court, was without jurisdiction of the subject matter, was not well taken. The justice of the peace before whom the proceeding was instituted issued process in the statutory form for the appellants as defendants in such proceeding and directed the officer to summon two other justices of the peace to appear and serve with him in forming the court of unlawful entry and detainer. The return of the officer on such process did not recite that the two persons other than the defendants on whom the process had been served were justices of the peace, but they appeared and served in such capacity as shown by the judgment duly signed by them in their official capacity along with the justice who had issued the writ. If it be true, as contended by the appellants, that the process on the two other justices and the return thereon was not in conformity with the requirements of the statute relating to process of that kind and character, then

the most that can be said in regard thereto is that such justices were not required to respond to the same, that it was not binding upon them. Such defect became immaterial, however, when they appeared in response thereto and served without objection. When the court of unlawful entry and detainer was organized, composed of the three justices of the peace, pursuant to the proceeding instituted in that behalf, it acquired jurisdiction of the subject matter without regard to whether or not the two justices other than the one issuing the process had been summoned in the manner required by law and such court was vested with authority to render a judgment in the cause at such time and place as was permitted by law. This having been done, both the special court and the circuit court had jurisdiction of the case.

No question is raised by the appellants on this appeal as to the jurisdiction of such courts over their persons as defendants.

Suggestion of error overruled.